# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
GEORGE CARTER, BAR NO. 169.

No. 75277

FILED

JUL 19 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a modified conditional guilty plea agreement in exchange for a stated form of discipline for attorney George Carter. Under the agreement, Carter admitted to violating RPC 1.1 (competence), RPC 1.3 (diligence), RPC 1.15 (safekeeping property), and RPC 8.4 (misconduct). Carter agreed to a one-year suspension to run concurrent with his suspension in *In re Discipline of Carter*, Docket No. 70907 (Order of Suspension, May 18, 2017), and to the payment of $42,421.88 in restitution as a condition to reinstatement.

Carter has admitted to the facts and violations alleged in the complaint. The record therefore establishes that Carter was turning over proceeds from personal injury settlements to a nonlawyer assistant who was supposed to negotiate and pay the liens on those proceeds, but the nonlawyer failed to do so. In this instance, the nonlawyer assistant failed to negotiate or pay Carter's client's $42,421.88 medical lien. Thus, the record establishes that Carter violated the above-listed rules.

As Carter admitted to the violations as part of the plea agreement, the issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating and mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Carter admitted to knowingly violating duties owed to his client (competence, diligence, and safekeeping property) and the profession (misconduct). Carter's client was harmed because his medical lien was never paid. The baseline sanction before considering aggravating and mitigating circumstances is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.12 (Am. Bar Ass'n 2017) ("Suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client."). Based on the plea agreement, the panel found and the record supports two aggravating circumstances (prior disciplinary offenses and substantial experience in the practice of law) and three mitigating circumstances (timely good faith effort to make restitution or rectify consequences, full and free disclosure to disciplinary authority or cooperative attitude, and remorse). Considering all four factors, we conclude that the agreed-upon discipline is appropriate.

Accordingly, we hereby suspend attorney George Carter from the practice of law in Nevada for a period of one year from the date of this

order to run concurrent with his four-year suspension in Docket No. 70907. Carter's reinstatement will be conditioned upon his payment of restitution as set forth in the plea agreement. Further, he shall pay the actual costs of the disciplinary proceedings, including $2,500 under SCR 120. The State Bar shall comply with SCR 121.1.

It is so ORDERED.



_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Chair, Southern Nevada Disciplinary Board
George R. Carter & Associates
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court